IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

WILLIAM IRVING,  )
Register No. 182906,  )
    )
       Plaintiff,  )
    )
    v.  )   No. 04-4309-CV-C-SOW
    )
DAVE DORMIRE, et al.,  )
    )
       Defendants.  )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On March 10, 2005, plaintiff filed a motion for preliminary injunctive relief; defendants filed a response on March 25, 2005; and a conference was held on plaintiff's motion on April 6, 2005. Plaintiff appeared in person via telephone and defendants were represented by counsel, Mr. John Roodhouse, who appeared in person.

Pursuant to the discussion at the conference, the court ordered defense counsel to determine the status of plaintiff's legal work and why he is being denied such legal work, and to provide to the court a written report of the results of such determination. The court further ordered defense counsel to provide to the court a written determination of whether Housing Unit 8 is a reasonable transfer option for plaintiff, given allegations of death threats from defendants in Housing Unit 7.

On April 8, 2005, defendants filed a notice to the court with regard to such orders. The notice advised that on April 6, 2005, all paperwork belonging to plaintiff was brought to him so he could go through it and take possession of his legal work. The notice further advised that, pursuant to an administrative decision, plaintiff had been transferred from Housing Unit 7 to Housing Unit 8.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994).

In the instant case, plaintiff's motion for preliminary injunction relief should be denied as moot. Plaintiff's motion has become moot due to his recent transfer from Housing Unit 7 to Housing Unit 8, and due to his being given access to all his legal paperwork.

Due to the nature of plaintiff's allegations, which include death threats being made against him by MDOC staff in Housing Unit 7, and pursuant to the discussion at the conference, it is

ORDERED that an expedited transcript of the conference proceedings be prepared and forwarded to the United States Attorney for review. It is further

RECOMMENDED that plaintiff's motion for preliminary injunctive relief be denied as moot [18].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 12th day of April, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge