**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| WILLIAM IRVING, | ) | |
| Register No. 182906, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4309-CV-C-SOW |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

On July 14, 2005, the United States Magistrate Judge recommended denying plaintiff's motions for preliminary injunction. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record[1], including the exceptions filed by plaintiff on August 18, 2005, as well as plaintiff's most recent September 13, 2005, motion for preliminary injunction. Upon consideration, pursuant to the preliminary injunction standard in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court will grant plaintiff's motion for preliminary injunctive relief, in part.

The court finds there is potentially a threat of irreparable harm to plaintiff, given his continued allegations concerning his safety while in Housing Unit No. 7 at Jefferson City Correctional Center (JCCC). Although, ultimately, plaintiff may not succeed on the merits of this case; the disruption and inconvenience to defendants in transferring plaintiff to another housing unit within JCCC are minimal as compared to plaintiff's allegations of a threat of serious physical harm. Thus, the court finds preliminary injunctive relief to be proper, and defendants are ordered to move plaintiff to Housing Unit No. 8 at JCCC or other housing unit

---

[1]Court proceedings, if any, are recorded by electronic recording equipment and the tapes are available for review by the court and counsel.

where C.O. Brigance is not assigned, as soon as possible.  In light of such move, the court finds plaintiff's preliminary injunctive request for transfer to another correctional facility to be unnecessary.  Plaintiff's allegations that he is likely to suffer harm while anywhere in JCCC at the hands of defendants who are assigned to work in Housing Unit No. 7 are unsubstantiated and, thus, the court finds transferring plaintiff to another correctional institution to be unnecessary.

This case will be set for trial in early 2006 (order setting trial to follow) so that a jury can make a factual determination as to plaintiff's claims.

IT IS, THEREFORE, ORDERED that plaintiff's motions for preliminary injunctive relief are granted, in part, and denied, in part [18, 27, 28, 32, 33, 34, 68, 78].  It is further

ORDERED that plaintiff be transferred from Housing Unit No. 7 to Housing Unit No. 8 or other appropriate hall at Jefferson City Correctional Center.  It is further

ORDERED that plaintiff's motions for preliminary injunctive relief requesting transfer from Jefferson City Correctional Center to another correctional facility are denied.  It is further

ORDERED that plaintiff's motion for hearing on his motion for preliminary injunctive relief is denied [89].

/s/Scott O. Wright_____
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 10-27-05

2