IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM IRVING, ) | |
| Register No. 182906, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
|   v.   ) | No. 04-4309-CV-C-SOW |
|   ) | |
| DAVE DORMIRE, et al., ) | |
|   ) | |
|   Defendants. ) | |

**<u>ORDER</u>**

By notice of November 22, 2005, plaintiff seeks certification of an interlocutory appeal and requests leave to proceed in forma pauperis on appeal. Plaintiff's notice of appeal triggers the assessment of a $255.00 appellate filing fee and constitutes consent for the deduction of that fee from his inmate account. 28 U.S.C. § 1915 (as amended Apr. 26, 1996); *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

Under 28 U.S.C. § 1292(b), an interlocutory appeal may be taken if the order from which an appeal is to be taken "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation" and the court so certifies. In the instant case, however, an appeal from the decision of this court to deny plaintiff's request for preliminary injunctive relief is, at best, a claim that the court abused its discretion; that claim is not proper for certification under section 1292(b).

The denial of certification of an interlocutory appeal by the district court does not relieve plaintiff of the obligation to pay the $255.00 appellate filing fee. Accordingly, plaintiff's financial documentation has been reviewed and an initial filing fee has been calculated.

This court appointed counsel to represent plaintiff William Irving on April 28, 2005, because of the seriousness of plaintiff's allegations concerning his safety in his housing unit at

his current place of incarceration. Thereafter, a hearing was held on June 1, 2005, on plaintiff's request for a preliminary injunction on that safety issue. After that hearing, Magistrate Judge William A. Knox recommended that plaintiff's request for a preliminary injunction be denied for the reasons set forth in his report and recommendation of July 14, 2005. On October 27, 2005, this court adopted, in part, the recommendation of Magistrate Judge Knox and denied plaintiff's request to transfer him to a different institution, not believing such a transfer was necessary to protect plaintiff. Based upon additional allegations by plaintiff, however, this court ordered plaintiff transferred to a different housing unit in the same institution for security reasons.

Thereafter, plaintiff's appointed counsel filed a motion for leave to withdraw because plaintiff, after being warned, repeatedly sent offensive, sexually suggestive material to appointed counsel. A redacted copy of the material was provided to this court for review and the court has considered plaintiff's allegations that the material was relevant to the lawsuit and to his claims involving one of the defendants. The documents submitted to this court and the statements of counsel clearly indicate that after sending the first batch of sexually explicit material to counsel, plaintiff was warned that further submissions of such material would not be tolerated by counsel. Even after that warning, plaintiff sent to counsel even more explicit and offensive sexually oriented writings.

Plaintiff has no right to counsel appointed to represent him in a civil case, <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003 (8th Cir. 1984); however, this court appointed counsel to assist plaintiff. Plaintiff clearly has no right to have counsel appointed to assist him after he has abused counsel in the manner in which he has done in this case.

Upon a ruling by the Eighth Circuit Court of Appeals on plaintiff's interlocutory appeal, the court anticipates scheduling a hearing on plaintiff's motion for a permanent injunction; however, the court will not appoint another attorney to represent him in this case. Plaintiff had been warned by counsel that sending additional material of a sexually explicit nature would result in counsel seeking leave to withdraw. Plaintiff cannot legitimately complain that he had no notice this was the likely outcome. This court will withhold ruling on

whether additional sanctions should be imposed on plaintiff until such time as a hearing can be held on the permanent injunction.

IT IS, THEREFORE, ORDERED that plaintiff's motions for appointment of new counsel are denied [109, 113]. It is further

ORDERED that plaintiff's motion for reconsideration is denied [104]. It is further

ORDERED that plaintiff's motion for certification of an interlocutory appeal and for leave to proceed in forma pauperis on appeal are denied [115, 117]. It is further

ORDERED that plaintiff's initial filing fee is calculated at $1.70 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $255.00 appellate filing fee is paid in full.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 12-9-05