IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM IRVING, Register No. 182906, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-4309-CV-C-SOW |
| | ) |
| DAVE DORMIRE, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff William Irving, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On July 7, 2006, defendants filed a motion to dismiss plaintiff's claims for failure to exhaust administrative remedies. In response to defendants' motion, on August 7, 2006, plaintiff filed suggestions in opposition and a motion for leave to file a second amended complaint or, alternatively, a motion to dismiss unexhausted claims. A reply was filed by defendants supporting their motion for dismissal.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the March 11, 2005 Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(12) (March 11, 2005). Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative

remedies *prior* to filing suit).  When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief.  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).  Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

In the instant case, plaintiff states his claims contained in paragraphs 31, 32, 36, 37, 38, 39, 40, 41, 42, 43, and 44 of his amended complaint are now fully exhausted.  However, plaintiff acknowledges that such claims were not exhausted prior to his filing suit.

Because exhaustion of administrative remedies prior to filing suit is mandatory, the court will recommend that defendants' motion to dismiss be granted, in part, and denied, in part.  Plaintiff's unexhausted claims as identified by defendants, and conceded by plaintiff, in paragraphs 31, 32, 36, 37, 38, 39, 40, 41, 42, 43, and 44 of plaintiff's amended complaint should be dismissed, without prejudice.  Dismissal should be denied, however, as to plaintiff's exhausted claims.  The Eighth Circuit has held that despite a plaintiff's failure to exhaust administrative remedies as to all his claims, a plaintiff should be permitted to file an amended petition that includes only exhausted claims.  Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003).  Therefore, plaintiff's motion to dismiss unexhausted claims should be granted and plaintiff should be granted leave to file a second amended complaint containing only those claims exhausted prior to filing suit.  Plaintiff's motion for leave to file an amended complaint containing claims which have been exhausted during the pendency of this lawsuit is denied.

IT IS, THEREFORE, ORDERED that plaintiff's motion for leave to file a second amended complaint, to include claims which have been exhausted during the pendency of this lawsuit, is denied [196].  It is further

RECOMMENDED that plaintiff's motion to dismiss his unexhausted claims be granted and plaintiff be granted leave to file a second amended complaint containing only those claims exhausted prior to filing suit [196].  It is further

RECOMMENDED that defendants' motion to dismiss be granted, in part, and denied, in part [191]. It is further

RECOMMENDED that defendants' motion to dismiss plaintiff's unexhausted claims, identified as paragraphs 31, 32, 36, 37, 38, 39, 40, 41, 42, 43, and 44 of plaintiff's amended complaint be granted, and plaintiff's unexhausted claims be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e. It is further

RECOMMENDED that defendants' motion to dismiss plaintiff's claims in his amended complaint which were exhausted prior to filing suit be denied [191].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 12th day of October, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge